[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has brought an action against a third party by way of impleader, claiming indemnity and contribution.
The plaintiff was the operator of a motorcycle which collided with the defendant's truck. As a result, she has claimed injuries and damages. The defendant has impleaded a moped operator, claiming that her negligence caused the plaintiff's injuries in whole or in part and demands that she pay her proportionate share of the plaintiff's damages.
The defendant brings his action in two counts, one in indemnity and one for contribution. The defendant is entitled to neither indemnity nor contribution. However, the defendant is entitled to have any person made a party to the action who has an interest in the case adverse to the plaintiff, or if such person is necessary for a complete determination of any question involved in the case. Connecticut General Statutes Section 52-102.
There may be no claim for indemnity here because there is no right to indemnity unless there is alleged an independent legal relationship between the parties which requires indemnification. None is alleged here. Furthermore, absent such a legal relationship, it must be shown that a primarily liable tortfeasor may be held liable to indemnify a secondarily liable tortfeasor. This occurs only when several conditions exist, one of which is that the primarily liable tortfeasor have exclusive control over the situation. This cannot be shown in a case involving a collision between several different motor vehicles.
Contribution is governed by Connecticut General statutes Section 52-572h(g)(h), which states that where one defendant who is found liable to pay damages to the plaintiff is unable to do so, the court may order other liable defendants to pay all or part of the uncollectible amount. An action for such contribution does not arise until after judgment and after CT Page 10782 a finding that there are uncollectible amounts. No right of contribution exists at this time. Accordingly, the defendant may not bring an action for contribution at this time.
The motion to strike the first and second counts of the Third Party Complaint in indemnity and contribution are hereby granted.
However, the defendant, Charles Cole, et al, does have the right to name as a third party defendant, Marie Muehlbauer, by alleging that she was responsible in whole or in part for the plaintiff's injuries and damages. In such case, her name would appear as a defendant on the verdict form. The jury would be instructed to determine her percentage of responsibility for the plaintiff's damages. If she were found liable, she would pay her percentage of damages to the plaintiff.
HURLEY, J.